## A. HORVETS v. R. H. DUNMAN.

### Decided April 24, 1907.

**1.—Judgment—Injunction—Venue.**

An action to restrain the enforcement of a judgment against land, the property of plaintiff, who was a stranger to the judgment, was properly brought in the county where the land was situated though the judgment was in another.

**2.—Pleading—Payment.**

Neither of articles 1266, 1192 or 751, Revised Statutes, prescribing the requisites of pleas of payment, counter-claim, etc., applies to the pleading of one alleging payment by another of a judgment against another which the plaintiff therein is seeking to enforce against the party claiming such payment. As he was not a party to the judgment nor the one making such payment, he may plead it in general terms, especially where no timely objection is made to such allegations.

**3.—Charge—Reasonable Time.**

What is reasonable time for performance of a contract to pay off a judg-

ment incumbrance against land is a question of fact, and a charge assuming that five years was not a reasonable time therefor was properly refused.

**4.—Charge—Evidence.**

A charge which covers the issues made by the evidence may properly ignore those on which there is no proof.

**5.—Evidence—Value.**

Testimony as to the reasonable value of land was admissible as bearing on the probability of an agreement claimed to have been made with reference thereto, and the price at which it sold at public auction was not the best evidence.

Appeal from the District Court of Coleman County. Tried below before Hon. John W. Goodwin.

*J. P. Ledbetter* and *Jenkins & McCartney,* for appellant.

*Snodgrass & Dibrell,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This was an action by appellee in form of trespass to try title to remove cloud from title to certain land described in his petition, by cancellation of a certain judgment and the lien thereof, and for an injunction restraining the sale of the land under an execution issued on said judgment.

The trial in said court below resulted in a judgment in favor of appellee canceling the judgment and the lien thereof, and perpetually enjoining the sale of the land under said execution. The action not being to restrain the execution or enforcement of a judgment against the property of the defendant in the judgment, but to restrain its enforcement against land, the property of the plaintiff, a stranger to the judgment, the suit was properly brought in the District Court of the county where the land was situated. (Huggins v. White, 7 Texas Civ. App., 567; Gober v. Smith, 36 S. W. Rep., 911; Fannin Co. Bank v. Lowenstein, 54 S. W. Rep., 316.)

There was no error in the admission of the testimony complained of in appellant's second and fifth assignments of error. In our opinion, Art. 1266, Sayles Rev. Stat., specifying the requisites of a plea of payment, does not apply to a pleading of the character made by appellee in this case, but applies only in a case where the defendant in a suit brought to recover on a debt against him, pleads payment of such debt. Neither does Art. 1192 or 751 of said Revised Statutes apply to the pleadings of appellee in this case. We think the allegations of appellee's trial amendment, relating to the payment of the judgment, were sufficient, in view of the fact that he was not a party to the judgment, nor the party who paid it; and, besides, we think appellant waived any defects, if there were any, in said pleadings, by failure to except in any manner thereto until after announcement of ready on the merits of the case, and a jury had been empaneled and appellee had read his petition and was proceeding to read said trial amendment.

There was no error in refusing the special charge requested by appellant and quoted in his seventh assignment of error. If it be

conceded that R. L. Dunman had only a reasonable time within which to pay off the Harrison judgment, what would be a reasonable time was a question of fact for the determination of the jury; and the special charge requested assumes that five years would not be a reasonable time, thus withdrawing the question from the jury. Besides, we do not think the evidence justified that part of said special charge relating to obtaining a release of the Harrison judgment and lien, in that there was no evidence that R. L. Dunman agreed to procure a release of said judgment or lien.

There was no error in the paragraph of the court's charge complained of in appellant's 8th assignment of error. The proposition which R. L. Dunman testified was accepted by appellant was that he, the said Dunman, was to pay off the Harrison judgment and appellant was to take the property for the debt, and he testified that he, the said Dunman, paid off the Harrison judgment. This testimony authorized the paragraph of the charge of which complaint is made. Appellant denied making any agreement to accept the property for his debt if R. L. Dunman would pay off the Harrison judgment, and the only other testimony on that question was that of R. L. Dunman, stated above, which in our opinion supported the verdict of the jury.

Appellant's 10th assignment of error is overruled for the reasons above stated.

The testimony, admission of which is complained of in appellant's third assignment of error, was admissible as a circumstance tending to show that appellant made the agreement claimed by R. L. Dunman. As already indicated, in our opinion, the verdict and judgment are supported by the evidence.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*