BIGGS et al. v. LEE.

(Court of Civil Appeals of Texas. El Paso. April 25, 1912. On Motion for Rehearing, May 15, 1912.)

1. WATERS AND WATER COURSES (§ 47*) — RIGHTS OF RIPARIAN OWNER.

A riparian owner has no right to have any particular amount of water flow on past his land, even as against those who are diverting water to irrigate nonriparian lands; his right being limited to that needed to irrigate his own land.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 47.*]

2. WATERS AND WATER COURSES (§ 87*) — DECREE—SUFFICIENCY.

A decree in a riparian owner's suit, which enjoined the defendants from taking any water for nonriparian lands except when the river was overflowing its banks at the plaintiff's land, was too indefinite and uncertain to be enforced.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 77–81, 83, 89, 90; Dec. Dig. § 87.*]

3. WATERS AND WATER COURSES (§ 87*) — PARTIES—SUIT BY RIPARIAN OWNER.

In a riparian owner's action to enjoin the diversion of water, an intermediate appropriator, whose diversion of water is claimed by the defendants to be the cause of the plaintiff's loss of the use of the water on his land, if any, is a proper, although not a necessary, party.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 77–81, 83, 89, 90; Dec. Dig. § 87.*]

4. WATERS AND WATER COURSES (§ 87*) — DIVERSION OF WATER—INJUNCTION—ADMISSIBILITY OF EVIDENCE.

In such an action, the defendants had the right to prove that the intermediate appropriator's diversion of the water was the proximate cause of the plaintiff's loss of the use of the water upon his land, and to prove the amounts of the diversion.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 77–81, 83, 89, 90; Dec. Dig. § 87.*]

On Motion for Rehearing.

5. WATERS AND WATER COURSES (§ 130*) — OWNERSHIP—STATUTORY APPROPRIATIONS.

The waters of the Pecos river are public property, subject to the easement right of riparian owners to use such water as is reasonably sufficient for domestic and stock raising purposes and for irrigating the riparian lands, and a statutory appropriation of the water in excess of the riparian owners' needs is effective.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 145; Dec. Dig. § 130.*]

6. WATERS AND WATER COURSES (§ 42*) — RIGHTS OF RIPARIAN OWNERS.

If the water of a river is sufficient only for the riparian owners using it, it must be equally divided between them.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 33, 34; Dec. Dig. § 42.*]

7. WATERS AND WATER COURSES (§ 44*) — RIGHT OF RIPARIAN OWNER—WATER FOR IRRIGATION.

A riparian owner was entitled to the amount of water reasonably necessary to irrigate his land after making due allowance for that water which at times, by reason of the small flow, was so charged with mineral substance as to be useless for irrigation.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 36; Dec. Dig. § 44.*]

Appeal from District Court, Ward County; S. J. Isaacs, Judge.

Action by W. H. Lee against S. V. Biggs and others. From a decree for plaintiff, defendants appeal. Reversed and remanded.

See, also, 137 S. W. 138.

Ross & Hubbard, of Pecos, and Monroe & Roark, of Topeka, Kan., for appellants. J. E. Starley, of Barstow, and Hefner & Hudson and McKenzie & Brady, all of Pecos, for appellee.

PETICOLAS, C. J. This was a suit by W. H. Lee, who owned 320 acres of land riparian to the Pecos river in Ward county, against the appellants to enjoin a diversion of water from the river through an irrigation system owned by appellants. It resulted in a decree absolutely enjoining the appellants from taking any water to nonriparian lands under their system, except when the river is in flood and overflowing its bank at appellee's land, which is 25 to 30 miles below by the river, and at which point the banks are 14 to 15 feet high. The answer of the appellants, on which the trial was had, alleged that there was located on the Pecos river, between the appellants' dam and appellee's land, a public service irrigation system known as the "Barstow System," which diverts more water than does appellants' system, and that because thereof the amount of the flow of the stream at any time taken by appellants does not interfere with or appreciably affect the natural flow past appellee's land.

There are 19 assignments of error, which present in varying forms a number of difficult questions. (a) The question is presented whether the appellee, the owner of riparian land, could enjoin the appellants from diverting the water to nonriparian lands unless in good faith he intended and needed to use the water on his riparian land and appellants' use was preventing him from so doing; (b) whether or not the Barstow Irrigation Company, the intermediate appropriator, is a necessary or proper party; (c) whether or not there could be an estoppel as against the right of the riparian owner; (d) whether or not the court erred in not making his findings of fact complete to cover all the questions raised in the case; and (e) that the judgment herein is so indefinite and uncertain that it is impracticable and impossible to observe it or enforce it. These 19 assignments of error have been compared with the original assignments in the transcript. The only one which is a copy is the seventeenth assignment of error, and for that reason we shall decline to consider any assignment except the seventeenth.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[1] The seventeenth assignment of error is addressed to the form of the court's judgment, and should, we think, be sustained. It is apparent that, conceding that the riparian owner is first entitled to the use, the only right he has is to use sufficient water to irrigate his land. As to any excess water which there may be, he has no rights of any sort against appellants. It is apparent therefore that the court's judgment, which, in effect, declares that the riparian owner has the right, without disturbance, to have flow past his land a volume of water 10 or 15 feet deep, must necessarily be erroneous.

[2] It is equally true that the court's decree should be certain and definite. Having established the normal flow of the Pecos river, and having established the amount of water reasonably necessary for the riparian lands, in the event it should be found that the riparian owner, under the circumstances here present, has the preference right (as to which we express no opinion), the decree should then adjudicate that he have from said flow water reasonably sufficient to irrigate his land. In so far as the excess water is concerned, he has no right of action against an upper statutory appropriator, and thus far the judgment is fundamentally erroneous. See Biggs v. Miller, 147 S. W. 632, just decided by this court.

[3, 4] Although, for the reason stated, we have declined to consider any other assignment of error, for the guidance of the court below, we think it not improper to state that we are of the opinion that while the intermediate appropriator, the Barstow Company, was not a necessary party in the sense that it was an indispensable party, yet clearly the appellant had the right, if desired, to make it a party, and it also had the right to prove, if it could, that their diversion of the water was the proximate cause of plaintiff's loss of the use of water on his land, if any, and to make certain and definite these amounts.

The question whether plaintiff, as riparian owner, could enjoin an upper statutory appropriator, if he himself were not needing and intending, in good faith, to use the water on his land, is one which we expressly refuse to consider or decide at this time. We suggest further, however, that the court's conclusions of fact and law should cover fully every issue arising in the case.

For the reasons indicated, the case is reversed and remanded.

McKENZIE, J., disqualified and not sitting.

#### On Motion for Rehearing.

PETICOLAS, C. J. It is contended in the motion for rehearing that we erred in holding that the appellee's only right as a riparian owner was to have sufficient water come down to his land to irrigate same, because the court below found that such waters are heavily charged with mineral matter, rendering such water unfit for irrigation when the water in the river is reduced in flow. We did not hold exactly what appellee states. Our holding was that the riparian owner's right was only to use sufficient water to irrigate his land and for stock-raising and domestic purposes. We believe it advisable to state that, in determining the questions arising in this case, we have tried to keep in mind every contingency as affecting all the riparian owners and all the statutory appropriators on a stream, to the end that we might reach the correct result in reason.

[5] And we arrived at the conclusion stated in the original opinion in this way: It is certain that under our laws the waters are the property of the public, subject to the easements of riparian owners. The riparian easement is the right to use an amount of water reasonably sufficient for domestic and stock-raising purposes and for irrigating the riparian lands. A statutory appropriation, under our decisions, is effective as against the waters so the property of the public, subject to the easements of the riparian owners which have the prior right.

[6] If the water is sufficient only for riparian owners using it, it must be equitably divided between them. As between the riparian owner and the statutory appropriator, the riparian owner must first have water reasonably sufficient, as indicated; but as against the excess the statutory appropriation is effective. To hold that riparian owners have the right to have all the water flow past their land as against statutory appropriations would be to destroy the appropriation statute in its entirety, for there are riparian owners on every stream, and if each had the right as against the appropriator to have all the water flow past his land, there could never be an effective appropriation anywhere. We refused to decide in the original opinion whether an appropriation is good against the water until such time as the riparian owner shall make use of it; but, as here illustrated, we very strongly incline to the opinion that this will be found to be the law. Every stream is bordered by riparian lands, even the Mississippi river, the largest stream we have. If every riparian owner had the right to have all the water, as against appropriators, flow past his land, no valid appropriation could ever be made. Again, if as we have held the riparian owner's only right is to use sufficient water for his land's purposes, still it would follow, if his right was good against appropriations, before he made use of the water, that on small streams the appropriation statute would be nullified. On the other hand, if the law is that the riparian owner can only use sufficient for his land's purposes, and if the law is that he only has the preferential right when he uses it or when in

good faith he is about to use it, then there has been preserved the statutory appropriation, without, it will be noted, injuring the riparian owner; for if the water is sufficient only for the riparian owners using it, there can be no valid appropriation. If there is an excess over what the riparian owners using it need, then as to the excess the appropriation is valid. If there is a stream where none of the riparian owners care to use the water, and which flows only a small quantity, it may nevertheless be used by the appropriator, subject always to the prior right of the riparian owner to the extent of his needs.

[7] We think, however, that the point made by appellee is well taken. The riparian owner in this case is entitled to sufficient water for his land's purposes. This necessarily means sufficient usable water, and it would be proper for a decree, if he show himself entitled to one, to award sufficient water so as to avoid the mineral impregnation; but, having ascertained the amount, as may be done, the judgment should certainly and definitely fix the same so as to make it intelligible and capable of enforcement.

What we have said does not change, however, the result of the case. The motion therefore is overruled.