## MT. FRANKLIN LIME & STONE CO. et al. v. MAY.

(Court of Civil Appeals of Texas. El Paso. Oct. 24, 1912. Rehearing Denied Nov. 13, 1912.)

1. APPEAL AND ERROR (§ 756*)—BRIEFS—PURPOSE OF RULES.

The rules for briefing causes in the Court of Civil Appeals are primarily intended to clearly present the issues involved to aid the court by excluding irrelevant matter from consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3091; Dec. Dig. § 756.*]

2. APPEAL AND ERROR (§ 742*) — BRIEFS — STATEMENT.

A statement supporting an assignment of error complaining of the admission of the evidence of H. on the ground that witness was not qualified to give expert testimony consisted of a bill of exceptions containing 20 pages of appellants' brief, and stating objections to the testimony of numerous witnesses, as well as other matter on five other pages having no possible relevancy to the assignment, and does not show of what testimony of H. appellants are complaining. Held, that the statement violated Court of Civil Appeals rule 31 (142 S. W. 13), requiring assignments of error to be followed by a brief statement in substance of such proceedings contained in the record as are necessary to explain and support the proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 759*) — BRIEFS — COPYING ASSIGNMENTS OF ERROR.

The court rules contemplate that assignments of error shall be correctly copied in appellants' brief, and, while the court will not decline to consider an assignment because of a typographical error in copying it into the brief, an assignment incorrectly copied in any other case will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—REFERENCE TO BILL OF EXCEPTIONS.

The bill of exceptions cannot be referred to to ascertain the reason supporting a proposition in appellants' brief, since such reason should be stated in the proposition itself.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—MULTIFARIOUS PROPOSITION.**

A multifarious proposition contained in appellants' brief is bad.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**6. EXPLOSIVES (§ 12*)—ACTIONS FOR INJURIES—ADMISSION OF EVIDENCE.**

In an action for damage to plaintiff's house by blasting rock near it in the year of 1909 and thereafter, evidence was not admissible as to the effect of blasting in the year of 1906, and that witness felt no shocks therefrom, unless it was shown that the operations in that year were the same in force and character as in 1909.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10; Dec. Dig. § 12.*]

**7. EXPLOSIVES (§ 12*)—ACTION FOR INJURIES—ADMISSION OF EVIDENCE.**

In an action for damage to plaintiff's residence by rock blasting by defendant, a witness who testified that the brick used in plaintiff's house was of different quality than those called for in specifications, and not as substantial, was asked "What would be the relative cost of the two classes of brick?" *Held*, that an answer showing a difference in the cost of the brick, as well as the fact that the brick used in construction were different from those called for in the specifications, was immaterial.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10; Dec. Dig. § 12.*]

**8. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITION.**

If an assignment of error raises more than one distinct proposition, it cannot be treated as a proposition raising all the questions suggested therein, and those questions must each be submitted as a distinct proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**9. APPEAL AND ERROR (§ 978*)—MISCONDUCT OF JURY—DISCRETION OF COURT.**

Whether alleged misconduct of the jury is such as to entitle the defeated party to a new trial is a matter resting largely within the discretion of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3866–3870; Dec. Dig. § 978.*]

Appeal from District Court, El Paso County; J. R. Harper, Judge.

Action by H. J. May against the Mt. Franklin Lime & Stone Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

M. W. Stanton and J. F. Weeks, both of El Paso, for appellants. Brown & Terry, of El Paso, for appellee.

HIGGINS, J. Appellee filed suit in the district court of El Paso county against the Mt. Franklin Lime & Stone Company, a corporation, Richard Caples and E. A. Caples. Thereafter Richard Caples having died, Mrs. Margaret Ann Caples, the independent executrix of the deceased, was made a party. The plaintiff claimed damages of the defendants for injuries to her residence in the city of El Paso caused by the operations of the defendants in blasting rock at quarries owned and operated by them at the base of Mt. Franklin in the city limits. The plaintiff

alleged in her amended pleading that the blasting operations were carelessly and negligently carried on without due regard for the rights of the plaintiff, and that many and heavy blasts were set off and exploded by the defendants continuously from June, 1909, until about the time of the trial, and that as a result her residence, situated in the vicinity of the quarries, "was shaken and jarred and greatly and materially damaged and cracked, its walls being caused to crack and to bulge, and the plastering to fall from the walls and ceiling, so as greatly to injure and depreciate the value of same." She further alleged that the house was shaken by concussion and otherwise, the walls being cracked through from outside to inside and through the partitions, all through the negligence of the defendants in using greater quantities of explosives than they should have used, and in improperly exploding the blasts, and in carrying on their operations at the quarries without a due regard for the rights of the plaintiff and the security of her property. The defendants, through their attorneys, filed separate answers, the answers being in effect identical, save that E. A. Caples pleads over against Mrs. Caples in the event of a recovery against him. Defendants pleaded general denial and contributory negligence; that the plaintiff's house, if damaged at all, was damaged by the negligence of the plaintiff in failing to provide a safe place and proper foundation therefor, and that she negligently failed to provide proper material for the foundation and house and proper plans and specifications for the construction thereof, and that same was negligently constructed in an improper manner out of defective material; that the damage, if any, suffered by the house was caused by other parties in blasting in the vicinity. The corporation pleaded over against Mrs. Caples, alleging that the blasting was done in the lifetime of Richard Caples on land owned by him as a tenant in common with another for his use and benefit, and that the company had nothing to do with said blasting. Mrs. Caples adopted the answer of the corporation, and pleaded, in addition thereto, that the plaintiff built her house in its locality with full knowledge of the fact that the blasting was being done at the quarries, and was therefore guilty of negligence in so doing and in building said house as it was built. E. A. Caples adopted the answer of his codefendant, the Lime & Stone Company, and also pleaded over against Mrs. Caples, the independent executrix of the estate of Richard Caples, deceased. Upon trial before a jury a verdict was returned for $1,500 against the Lime & Stone Company and Margaret Ann Caples, as executrix, and in favor of E. A. Caples, according to instructions.

Appellee objects to the consideration of each of the assignments of error, and for the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

reasons hereinafter indicated we have sustained their objections to most of them. This court has at all times been liberal in its interpretation of the rules governing the presentation and briefing of cases upon appeal, and in this instance, should we apply the rules with any degree of strictness whatever, we would not consider any of the appellants' assignments. Those assignments which are considered are considered by virtue only of a liberal interpretation of the rules. Counsel representing appellants have several times heretofore been admonished by this court to have a due regard for the rules regulating the presentation and briefing of causes, and, since they persist in a refusal to observe the rules, we deem it our duty to enforce them.

[1] The rules for briefing of causes are primarily intended to clearly elucidate and present the issues and questions involved and to aid the court by excluding from consideration upon appeal irrelevant and immaterial matters, and appellants' brief is a flagrant violation of the rules in this respect.

[2] The first assignment is not considered for the reason that it is not correctly copied in the brief, and for the further reason that it is not followed by a brief statement in substance of such proceedings contained in the record as is necessary and sufficient to explain and support the proposition, as is required by rule 31. (142 S. W. xiii.) This assignment complains of the admission of certain testimony of Mrs. M. B. Henning which it is claimed should not have been admitted because it was expert in its nature and the witness had not qualified. The statement supporting this consists of a bill of exception covering 20 printed pages of appellants' brief, setting up objections which were made to the testimony of numerous witnesses, and it also consists of five other printed pages in the brief referring to matter that has no possible relevancy to the assignment and the propositions thereunder, and we are not advised by the brief just what testimony of the witness appellants are complaining of. Certainly this court should not be required to examine all of the statement referred to when only a very small portion thereof could possibly refer to the assignment. Railway Co. v. Miller, 124 S. W. 109; Meston v. Davies, 36 S. W. 805; Railway Co. v. Caldwell, 102 S. W. 462; Railway Co. v. Smith, 46 S. W. 1046.

[3] With reference to the changes in the assignment as copied in the brief and as it appears in the record, we will not pause to inquire whether or not the changes are material. The rules contemplate that the assignment shall be correctly copied, and there is no excuse for changes to be made. Where it is apparent that the difference is due to some typographical error, we do not think that the court should decline to consider it, but it is only in such a case that we think it proper for the court to consider an assignment which has been incorrectly copied in the brief. Horseman v. Coleman Co., 57 S. W. 304; Biggs v. Lee, 147 S. W. 709; Biggs v. Miller, 147 S. W. 632; Martin v. Bank, 102 S. W. 131; Alexander v. Bowers, 79 S. W. 342; Railway Co. v. Adams, 55 Tex. Civ. App. 245, 118 S. W. 1155. The second, third, fourth, fifth, sixth, seventh, eighth, and ninth propositions have not proper statements supporting them; they being subject to the same objection noted to the first proposition.

[4] The second assignment of error is not considered. It is submitted as a proposition, and in order to ascertain the reasons supporting the proposition, which properly find their place in the proposition, we would have to refer to the bill of exception, which is not permissible. Railway Co. v. Branch, 56 S. W. 542.

[5] If it were permissible to refer to the bill of exception to ascertain the reasons supporting the assignment, this assignment would be bad as a proposition because it is multifarious. The statement supporting the assignment is also objectionable for the reasons assigned in criticising the statement under the first assignment.

Assignments 3 to 8, inclusive, are not considered because not supported by proper propositions and statements.

The ninth assignment is not considered. The proposition in support thereof is multifarious, and the statement violates that portion of rule 31 heretofore quoted.

The statements under the tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments are subject to the same objections, and they are therefore not considered.

[6] The sixteenth assignment is overruled. It does not appear that the proper predicate had been laid for the introduction of the testimony sought to be elicited from the witness Gregg in regard to blasting in the year 1906, and, unless it was shown that blasting operations were being carried on at that time of the same force and character, it was not permissible to show by Gregg that he felt no shocks while putting in the foundation of the house in 1906.

The seventeenth assignment is overruled. We are of the opinion that the witness had shown himself qualified to testify in regard to the matters referred to in the bill supporting this assignment.

[7] The eighteenth assignment is overruled. The witness Hewitt testified that the brick used in building plaintiff's house were of a different quality from the brick called for in the specifications, and that the brick used were not as substantial as those called for in the specifications, and he was then asked: "What would be the relative cost of the two classes of brick?" It is not shown by the bill what the witness would have answered, nor do we see the relevancy of the testimony in case his answer would have

shown a difference in the cost of the brick. The fact that brick were used in the construction of the house different from those called for in the specifications is immaterial, so far as we are advised by this assignment of error and the supporting propositions and statement. The nineteenth and twentieth assignments are overruled. The error, if any, in admitting the testimony of the witness Hewitt here complained of was harmless.

[8] The twenty-first assignment of error is submitted as a proposition, but as such it cannot be considered. Where an assignment raises more than one distinct proposition, it is not permissible to treat the assignment itself as a proposition raising all the questions suggested therein, but these questions must be submitted as distinct propositions. Railway Co. v. White, 120 S. W. 958; Railway Co. v. Quebedeaux, 119 S. W. 1158; Russell v. Deutschman, 100 S. W. 1164, and numerous other cases of like import.

The sixth paragraph of the court's charge does not assume that there was more than one wall of plaintiff's house bulged or damaged, as contended in the twenty-second assignment, and this assignment is therefore overruled, as the charge is not subject to the criticism made.

The charge is not subject to the objections urged in support of the twenty-third assignment, and it is therefore overruled.

The eighth special instruction requested by defendants was properly refused, and the twenty-fourth assignment is overruled.

The twenty-fifth assignment is overruled. Special charge No. 3, refusal of which is here complained of, was covered by the general charge.

The twenty-sixth assignment is not considered. It is submitted as a proposition, and cannot be considered because it raises more than one question. See the authorities cited above. Neither is it supported by a proper statement, as is required by rule 31.

The same objections apply to the twenty-seventh assignment, and this likewise is not considered.

The twenty-eighth assignment is not considered because it is not supported by a brief statement, as required by the rules. The court is here referred to a mass of irrelevant matter which could have no possible bearing upon the question attempted to be here presented, and the court will not search the same to ascertain whether it contains any matter relevant to the subject.

The twenty-ninth assignment is not considered for the following reasons: First, it is not correctly copied in the brief; second, it is submitted as a proposition and as such is multifarious; third, the subjoined statement is not in accordance with rule 31 requiring a brief statement.

The thirtieth assignment is not considered because unsupported by proper statement.

[9] The thirty-first and thirty-second assignments of error are overruled. The alleged misconduct of the jury was not such as to entitle the defendants to a new trial, and at any rate it is a matter largely within the discretion of the trial court, and we do not think there was any abuse of this discretion.

The thirty-third, thirty-fourth, and thirty-fifth assignments are overruled, as there was evidence warranting the submission of the issues here complained of.

My Associate concurs with me in the criticisms made of the manner in which appellants have briefed the case, and we are in accord in refusing to consider the assignments of error above noted.

Chief Justice PETICOLAS, being disqualified, did not participate in the decision of this cause.

Affirmed.