## N. G. RAMBIE v. SAN ANTONIO & GULF RAILROAD.

### Decided March 6, 1907.

**1.—Pleading—Issues—Charge.**

A party has a right to have the issues raised by his pleadings specially presented and submitted, and this, although the court has already submitted the issues in general terms in its main charge.

**2.—Undisputed Evidence—Submission of Issue.**

Where the facts supporting a defense are undisputed only the defendant can complain of such facts being submitted as an issue.

**3.—Charge—"Accident."**

The use of the word "accident" by the court in its charge is not necessarily misleading as tending to cause the jury to believe that the injuries were not the result of defendant's negligence.

**4.—Charge—Repetition.**

In a suit for personal injuries received while alighting from a passenger coach it was not error for the court to give a special charge to the effect that plaintiff was not entitled to recover unless it was shown by a preponderance of the evidence that defendant was negligent, although the court had in its main charge instructed the jury that the burden of proof was upon the plaintiff to establish by a preponderance of the evidence the material allegations of his petition.

Appeal from the District Court of Wilson County. Tried below before Hon. E. A. Stevens.

*Webb & Goeth,* for appellant.—The court erred in giving undue

prominence and emphasis to the defense of contributory negligence, because the court in its charge to the jury and in the fifth paragraph thereof defines contributory negligence, and in the seventh paragraph thereof instructs the jury that the plaintiff would be entitled to recover if his wife was not guilty of contributory negligence in the manner of alighting from the train, and in the ninth paragraph thereof the court charges the jury that the plaintiff could not recover if his wife was guilty of contributory negligence; and in the first special instruction requested by the railroad the court after elaborating the facts, charges the jury further upon the defense of contributory negligence, and in the special charge No. 2, requested by the railroad, the court again defines contributory negligence and after elaborating the facts, as was done in the first special charge, the court further charges upon the said defense. The foregoing charges led the jury to believe that the court had an opinion regarding the facts constituting said defense, and the court gave undue prominence and emphasis thereto to the prejudice of the plaintiff's rights. Kroeger v. Texas & P. Ry. Co., 69 S. W. Rep., 809; Lumsden v. Chicago, R. I. & T. Ry. Co., 4 Texas Ct. Rep., 516; Chisum v. Chesnutt, 36 S. W. Rep., 760; Pelfrey v. Texas Cent. Ry. Co., 73 S. W. Rep., 411.

The court should not have repeatedly charged the jury that the plaintiff could only recover upon a preponderance of the evidence, and thereby give undue prominence to a rule of law. Hays v. Hays, 66 Texas, 609; Powell v. Messer, 18 Texas, 406; Cross v. Kennedy, 3 Texas Ct. Rep., 920.

*Baker, Botts, Parker & Garwood* and *Garrett & Davis,* for appellee.

JAMES, CHIEF JUSTICE.—Appellant sued to recover damages for injury to his wife, alleging negligence of defendant in having a bolt projecting from the car step and allowing the step in use to become worn thin and slick, which caused his wife to fall and be injured in alighting from the car at Stockdale Station.

Defendant pleaded a general denial, and pleas of contributory negligence. First. That the car stopped, that a number of passengers, including plaintiff's wife, proceeded to leave the car, that a number of them were in front of her and left the car down the step on the south side of the train facing the depot, and that she, instead of doing likewise, stepped to one side of the platform and off the same on the north side away from the depot and in her efforts to recover struck her arm against the brace or handhold, or fell to the ground on the north side of the car, causing her injuries. That in failing to alight on the south side next the depot, as the other passengers did, the same being the proper, usual and customary place for so doing, and in stopping on the platform and stepping to one side and off the platform, she failed to exercise ordinary care, and but for said careless conduct the accident would not have happened. Second. That when she got on the platform she neglected or failed to proceed off said car on the depot side, the usual and customary place, but she attempted to leave the car on the north side, and while leaving said car and while descending the step she had a lot of bundles and packages in her hands or arms rendering her

unable to use the railings whereby she was caused to lose her balance and fall and that on so doing she failed to exercise ordinary care which was the cause of her injuries.

The court in its main charge gave a definition of contributory negligence, and also charged in general terms that if her injuries resulted from her own negligence to find for defendant. The court also gave two special instructions that were asked by defendant on the subject of contributory negligence, conformably to the two phases of contributory negligence as contained in the answer. The first assignment of error contends that undue prominence was given to this issue by the giving of the special charges. The definition of contributory negligence in the general charge was not a submission of an issue. That charge, however, did submit the issue, but in general terms. Defendant had the right to have it specially submitted in accordance with its plea or pleas on the subject, and the court committed no error in doing this. The second assignment of error is overruled for the reason that said special charges were not argumentative, and did not indicate an opinion of the court in reference to said defense.

The third assignment concerns the same special charges and complains of them because they gave undue prominence to the fact that the train had stopped at Stockdale and that plaintiff's wife was preceded by other passengers and that she did not leave the car on the south side; and further, that said charges submitted the issue as to whether plaintiff's wife left the train by the north or by the south side, which was not a controverted, but an admitted fact; and said charges were an unfair elaboration of facts about which there was no controversy and gave undue prominence to them, were argumentative and indicated that the court's opinion was that plaintiff's wife was negligent in leaving the train. The seventh assignment is that there being no issue as to whether or not the train had stopped, nor that she was preceded by other passengers, nor that she left the car by the north side, these matters should not have been included in what was submitted by special charges. There was nothing argumentative in the two special charges complained of as to an issue, and nothing that was calculated to convey an opinion of the judge on any issue. As such facts went to constitute defenses pleaded, it would seem that defendant would be the one to have complained of those facts being submitted as issues.

There is no merit in the fourth assignment. The use of the word "accident" as it occurs in certain charges complained of was not misleading in that it tended to cause the jury to believe that the injuries were not the result of defendant's negligence. The fifth assignment complains of an instruction which embodied a correct and applicable principle of law and was not misleading.

Under the sixth assignment appellant makes the point that the court having stated in the general charge that the burden of proof was upon plaintiff to establish by a preponderance of the evidence the material allegations of his petition, it was error to express this principle in a special charge in the following language: "If a passenger is injured while alighting from a train, such passenger is not entitled to recover damages against the railway company for such injuries unless it is shown by a preponderance of the evidence that such injury was caused

by the failure of the company to exercise that high degree of care that a very cautious and prudent person would exercise under the same circumstances." This is said by appellant's proposition to have given undue prominence to a rule of law. This action of the court was not fairly open to the objection.

The eighth is that said special charges one and two should not have been· given, because there was no evidence that there was anything to indicate to plaintiff's wife that the north side was not the proper place for her to alight, or that the south side was the usual and customary exit at the station. We find this does not correctly represent the evidence.

We conclude as facts that the verdict is sustained by evidence that defendant was guilty of no negligence, and also by evidence showing contributory negligence on the part of plaintiff's wife precluding her recovery. Judgment affirmed.

*Affirmed.*

Writ of error refused.