JAMES V. DIGNOWITY v. D. SULLIVAN.

Decided March 18, 1908.

**1.—Continuance—Diligence—Absence of Female Witness.**

Absence of a female witness is no cause for continuance of a case when no diligence has been used to procure her evidence by deposition. An application for a continuance to procure the attendance of a female witness after a suit had been pending more than two years considered, and held properly refused.

**2.—Appeal—Brief—Failure to Copy Assignment.**

Assignments of error not copied into a brief will not be considered on appeal.

**3.—Limitation—Absence from State.**

The absence of a debtor, begun before the bar of the statute of limitation is complete, and continued until suit filed, is sufficient to stay the running of the statute. In such case the plaintiff is only required to prove facts from which the jury might reasonably conclude that the debtor had not been in the State four years in the aggregate from the time the debt became due until the suit was filed. The presence of the debtor in the State after the cause of action accrued, though in broken intervals, must amount in the aggregate to four years. The presence of the debtor in the State at time the debt matured, and for some time afterwards, is immaterial; the creditor is not required to file suit immediately upon maturity of the debt.

Appeal from the 37th Judicial District, Bexar County. Tried below before Hon. E. Dwyer.

*T. M. Paschal,* for appellant. The court erred in overruling appellant's application for a continuance. Strippleman v. Clark, 11 Texas, 299; Harrold v. Arrington, 64 Texas, 238; Brooks v. Howard, 30 Texas, 278.

*J. D. Childs* and *J. C. Sullivan,* for appellee.

FLY, Associate Justice.—This is a suit on a note for $4,202.31, of date September 21, 1894, and due in September, 1895, instituted by appellee against appellant. The suit was filed on November 21, 1904, and to relieve himself of the bar of the statute of limitations of four years, it was alleged that prior to September, 1899, and before the note was so barred, appellant had absented himself from the State of Texas and had remained without its limits until November 21, 1904, when he was temporarily in Bexar County, where citation was served on him. Appellant pleaded payment and denied that he had been absent from Texas, as alleged in the petition, and pleaded limitation of four years. The cause was tried by the court and judgment rendered for appellee.

The first assignment of error complains of the overruling of a motion for a continuance. In the qualification of the bill of exceptions, taken by appellant to the action of the court in overruling the motion, the court stated that this cause was regularly called at the April term, 1907, for trial, and a continuance was granted on account of the absence of appellant, and attorneys for appellee at that time announced to the attorneys for appellant that a trial would be urged at the next term of the court. The case was set for trial on the first Monday in June and attorneys for appellee several times notified appellant's attorneys, ten days before the case was called, of its setting. That seven or eight days before the first Monday in June, appellant passed through San Antonio and, although he was notified of the setting of the case, he refused to remain over for the trial and went on to Mexico. That when the cause was regularly reached and called for trial during the first week in June, a continuance was sought, not on account of the absence of appellant, but

on the ground of the illness of Mrs. Imogen Hambleton, a female witness for appellant, whose deposition had not been taken, although it was stated in open court by counsel for appellee that he had frequently tried to get appellant's counsel to take her deposition, offering to waive time and notice and to go with appellant's attorneys and a notary to the house of the witness and take her deposition. The court overruled the motion for a continuance but granted a postponement until June 24, 1907, with full notice to appellant's attorneys that the case would then be tried. The cause was regularly reached for trial on June 25, 1907, and a continuance was again sought on account of the absence of Mrs. Hambleton, who had since June 6 gone temporarily to Harris County, and also because one of the attorneys did not feel well enough to try the case. He was asked if he would be able to try on Friday, but would not say. Appellee's attorneys insisted on a trial and the court ordered the case to trial and the attorney, who was not well, went out and sent in his partner, who conducted the case for appellant. No jury fee was paid by appellant, and a jury being waived by appellee, the cause was submitted to the court. As stated by the court in his qualification of the bill of exceptions, the application for a continuance was the third one made, and the cause had been on the docket for over two years.

No effort was shown to have been made to take the deposition of Mrs. Hambleton, although appellant had sought to continue for her in the early part of June, three weeks before the cause was tried. Absence of a female witness is no cause for continuance when no diligence has been used to procure her evidence by deposition. Mrs. Hambleton could not be compelled to attend in person as a witness, and having her summoned as a witness did not constitute diligence. Southern Cotton P. & Mfg. Co. v. Bradley, 52 Texas, 587; Doxey v. Westbrook (Texas Civ. App.), 62 S. W., 787. Appellant made no effort to take her deposition and no diligence was therefore shown as to her. None of the other matters stated in the application for continuance is meritorious. The cause had been pending for two years or more and appellant should have been ready for trial. There is in the application a statement that the evidence desired could be shown by one or more of the witnesses, but by which one is not alleged and there is no positive statement that the testimony could not be procured from any other source. The application for a continuance was properly overruled.

Appellant has reference in his brief to the second and third assignments of error, but as they are not copied into the brief they will not be considered.

The evidence sustained a finding upon the part of the court that appellant left the State before the note was barred by limitation, and was living a part of the time in Monterey, Mexico, and in Maryland and Washington, D. C. Appellee swore that appellant left Texas before September, 1899, and was from that time on not a resident of the State, that was sufficient to stay the running of the statute of limitation. Rev. Stats., art. 3367. The burden did not rest upon the appellee to show the precise periods of time during which appellant visited Texas, but all that was required was to estab-

lish facts from which the jury might reasonably conclude that appellant had not been in Texas four years in the aggregate, from the time the note became due until the suit was instituted.    Fisher v. Phelps, 21 Texas, 551; Phillips v. Holman, 26 Texas, 277.    In the case first cited the Supreme Court said: "The statute declares that the time of the debtor's absence shall not be taken as part of the time limited by the Act, nor his absence at the accrual of the action, nor his absence afterwards; but the terms include the whole time of his absence, whether at or after the right to bring suit.    This exclusion of his absence, of necessity, requires, in order to render the bar effectual, the debtor to remain in the State for the time prescribed by the law.    His residence may not be continuous; it may be broken by repeated absences, but excluding those he must to complete the bar remain, though at different times, yet sufficiently long to fill the measure of the statute."    The evidence establishes conclusively that appellant had not been in Texas, counting all his visits to the State, for a period of four years time.    Under the decisions cited and the statute it was immaterial whether he was in Texas or not when the cause of action accrued, the only question being as to whether he had lived in Texas for four years after the cause of action accrued.    It was perfectly immaterial whether appellant was in Texas when the cause of action accrued or not.    After the note became due appellee could sue or not, as he saw proper, and if appellant at any time before the note became barred left the State, his departure would stop the running of limitation until he returned. As said in the case of Fisher v. Phelps, herein cited, "the Act construed fairly provides that the debtor, whether he absent himself at the time the action accrues, or afterwards, shall on return, remain subject to the suit of the creditor for the whole time which the law prescribes as the term of limitation."    The following language of the statute is plain and unequivocal on this point: "If any person against whom there shall be cause of action, shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State, and the time of such person's absence shall not be accounted or taken as a part of the time limited by any of the provisions of this title."    Rev. Stats., art. 3367.    It follows that the evidence, denominated newly discovered, to the effect that appellant was in Bexar County five or six months after the cause of action, was immaterial, because it could have had no force, except to show that the time indicated, taken with other visits, amounted to four years before the suit was instituted, and it would not have done that.

The court did not err in finding that the note had not been paid, and the contention that the judgment is without evidence to sustain it, can not be maintained.

We have considered all the assignments of error copied into the brief and conclude that no error has been shown, and the judgment is, therefore, affirmed.

*Affirmed.*