BRAY et al. v. FIRST NAT. BANK OF WELLINGTON.

(Court of Civil Appeals of Texas. Amarillo. Feb. 10, 1912. Rehearing Denied March 15, 1912.)

1. APPEAL AND ERROR (§ 573*)—STATEMENT OF FACTS.

A statement of facts which has no caption or certificate declaring it to be a full and correct statement of the facts proved on the trial, and is not signed by both parties as provided by Acts 1909, 1st Ex. Sess. c. 39, § 6, cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2560–2566; Dec. Dig. § 573.*]

2. APPEAL AND ERROR (§ 759*)—ASSIGNMENTS OF ERROR—WAIVER.

Under Court of Civil Appeals rule No. 29 (67 S. W. xv), assignments of error, not copied in appellants' brief, are waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

3. APPEAL AND ERROR (§ 548*)—STATEMENT OF FACTS—NECESSITY.

The admission or exclusion of evidence is not reviewable, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

4. APPEAL AND ERROR (§ 548*)—STATEMENT OF FACTS—NECESSITY.

The giving or refusing of instructions is not reviewable, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. 2433–2440; Dec. Dig. § 548.*]

Appeal from Collingsworth County Court; R. H. Cocke, Jr., Judge.

Action by the First National Bank of Wellington, Tex., against Mrs. C. E. Bray and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Templeton & Templeton, for appellants. Lackey & Lackey, for appellee.

HALL, J. This is an appeal from a judgment of the county court of Collingsworth county, in which the appellee bank recovered judgment against appellants upon two promissory notes.

[1] No brief has been filed by appellee. Appellants' brief contains 19 assignments of error. Many of the assignments have no propositions following them, and are not themselves in form of propositions. Several of the assignments are not copied in the brief. The statements following the assignments contain no reference to the record, as required by the rules, and are more in the nature of arguments than statements of facts found in the record, relating to the assignments. We find what purports to be a statement of facts with the papers; but it cannot be considered as such, because it fails to comply with the requirements of section 6 of the Acts of 1909, 1st Ex. Sess. p. 375, which act controls the preparation of this statement, and which requires that a state-ment of facts shall be agreed to by the parties and approved by the judge; or, in the event of a failure of the parties to agree, then a statement of facts shall be prepared and certified by the judge, filed in duplicate with the clerk of the court, and the original sent to this court as part of the record. The purported statement before us contains no caption or certificate declaring it to be a full and correct statement of the facts proven upon the trial. It is signed by defendants' attorneys only, and the word "Approved," followed by the official signature of the county judge. These requirements are necessary in the preparation and filing of a statement of facts. It is said by Fisher, C. J., in M., K. & T. Ry. Co. v. Whitfield, 123 S. W. 710: "The questions raised by appellant in its brief, and the other questions raised by appellee in his cross-assignments of error, relate to the facts which cannot be considered on account of the fact that the purported statement of facts was not agreed to; nor was it made up and prepared by the trial court as required by the statute. The statement of facts is merely signed by counsel for plaintiff, and has, after his signature, the words 'Examined and approved and ordered filed,' and signed by T. J. Lawhon, county judge. The law under which this statement was prepared requires either one of the two things: First, that the parties must agree upon a statement of facts; or, upon failure to do so, the court is charged with the duty of preparing the same and certifying to the fact that the parties have not agreed. These essentials are absent in this instance." For the reasons stated, we cannot consider the statement of facts filed herein.

[2] Under the rule governing the Courts of Civil Appeals, No. 29 (67 S. W. xv), and many decisions, assignments of error, not copied in the brief, are waived. Pitts v. Wood, 125 S. W. 954; Dignowity v. Sullivan, 49 Tex. Civ. App. 582, 109 S. W. 428; Atchison, etc., Ry. Co. v. Grant, 6 Tex. Civ. App. 674, 26 S. W. 286, writ of error refused 93 Tex. 699; Hughes v. Galveston, etc., Ry. Co., 67 Tex. 595, 4 S. W. 219.

[3] Appellants' first, second, third, fourth, and fifth assignments are based upon the action of the court in overruling motion for new trial, and in erroneously excluding and admitting testimony. In the absence of a statement of facts, we cannot consider assignments based upon rulings of the court below in the admission or exclusion of evidence. Ackermann v. Ackermann, 55 S. W. 755; Brown v. Vizcaya, 55 S. W. 191, writ of error refused by Supreme Court 93 Tex. 701, 55 S. W. 191; Walker v. Boyd, 48 S. W. 602; Garrison v. Richards, 107 S. W. 861; Kimmey v. Abney, 107 S. W. 885.

[4] Appellants' seventh and eighth assignments complain of the court's instructions.

In the absence of a statement of facts, we cannot revise the action of the lower court in giving or refusing instructions. Oliver v. Grant, 100 S. W. 1022; Galveston, etc., Ry. Co. v. Perkins, 73 S. W. 1067, writ of error refused by Supreme Court 97 Tex. 633, 73 S. W. 1067; Renfro v. Harris, 72 S. W. 237; Scoggins v. Thompson, 45 S. W. 216. The reason for this rule is that, where there is no statement of facts in the record, we cannot review objections to instructions, because the testimony as adduced in the trial might have shown the appellee's right to recover, in which event any errors in the instructions would become immaterial. Oscar v. Oscar, 107 S. W. 554.

There being no assignments of error which we are permitted to consider under the above rules, unless some fundamental error is apparent of record, the judgment of the trial court must be affirmed. We have carefully reviewed the entire case and find no fundamental error requiring a reversal.

The judgment is therefore affirmed.