## WITHERSPOON v. CRAWFORD.

(Court of Civil Appeals of Texas. Amarillo. July 5, 1912.)

1. APPEAL AND ERROR (§ 572*)—STATEMENT OF FACTS—DUPLICATE STATEMENT.

Under Acts 32d Leg. c. 119, § 1, which provides that, "for the purpose of preserving a record in all cases for the information of the courts, jury, and parties, the judges of the district courts shall appoint official shorthand reporters for such courts," and sections 5, 6, which provide that the transcript of the evidence in question and answer form, as well as the statement of facts in narrative form, "shall be filed in duplicate," the statement of facts should be made out in duplicate, one of which should be filed in the district court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2554; Dec. Dig. § 572.*]

2. APPEAL AND ERROR (§ 563*)—RECORD.

Acts 32d Leg. c. 119, § 4, requires an official reporter to take full shorthand notes of all oral testimony, and section 6 requires the statement of facts in duplicate to consist of the evidence adduced at trial, both oral and by deposition. Held, that a statement of facts, which merely recited that "the following facts were proven in the trial," giving a narrative statement of what purported to be some of the evidence, was insufficient for not showing that it contained all of the evidence at trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2500; Dec. Dig. § 563.*]

3. APPEAL AND ERROR (§ 564*)—STATEMENT OF FACTS—TIME OF FILING.

A statement of facts is filed within time if filed as required by Acts 32d·Leg. c. 119, § 7, providing that, if the statement of facts is filed in the trial court before the time for filing the transcript in the appellate court, it is deemed to have been filed within time, though it was not in fact filed within 30 days after adjournment of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

4. APPEAL AND ERROR (§ 745*)—ASSIGNMENTS OF ERROR—ASSIGNMENTS IN TRIAL COURT—NECESSITY.

Under Rev. St. 1895, art. 1018, requiring appellant to file with the clerk of the trial court all assignments of error specifying the grounds relied on, and providing that errors not specified are waived,·and Court of Civil Appeals rule 23 (142 S. W. xii) providing that that court will only consider errors of law apparent on the record, if it does not contain an assignment of errors, the Court of Civil Appeals cannot consider assignments of error copied in appellant's brief, where no assignments were filed in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3039, 3042; Dec. Dig. § 745.*]

5. APPEAL AND ERROR (§ 724*)—ASSIGNMENTS OF ERROR.

Assignments of error, which do not point out the error committed by the trial court, cannot be considered by the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

Appeal from District Court, Briscoe County; R. C. Joiner, Special Judge.

Action by Bettie Witherspoon against Miner Crawford. From a judgment for defendant, plaintiff appeals. Affirmed.

J. B. Lusk, of Silverton, for appellant. Martin & Zimmermann, of Tulia, for appellee.

HALL, J. This was an action of trespass to try title, brought by appellant against the appellee, in which judgment was rendered for appellee for the land in controversy.

A motion to strike the statement of facts is filed by appellee, in which it is insisted that, because the statement of facts was not made out in duplicate, and no copy of same was left on file in the district court of Briscoe county, and because the statement, as filed, does not purport to be a statement of all the facts, the same should not be considered by this court. The first ground does not seem to have been passed upon by any of the courts of this state; but in our opinion the point seems to be well taken. Under the old practice before the enactment of the stenographers' bill and its various amendments, the party appealing was required to prepare and file, with the clerk of the trial court, a statement of facts. This was copied into and made a part of the transcript; and, by this means, there was a record of the evidence preserved in both courts. By the acts creating the office of court stenographer, it is provided that the statement of facts shall not be copied into and made a part of the transcript; and it was evidently the intention of the Legislature to so frame the law as to have a transcript of the evidence on file in both courts as under the old rule, and, in doing so, provided that the statement of facts should be made in duplicate.

[1] Referring to the act of the Thirty-Second Legislature, p. 264, c. 119, section 1 is: "For the purpose of preserving a record in all cases for the information of the courts, jury, and parties, the judges of the district courts, etc., shall appoint official shorthand reporters for such courts." The language of sections 5 and 6 is clear, and emphasizes, by repetition, the requirement that the transcript of the evidence in question and answer form, as well as the statement of facts in narrative form, "shall be filed in duplicate." The wording of the statute on this point is, in our opinion, mandatory, rather than directory; but we do not rest the disposition of the motion to strike out the statement of facts upon this ground.

[2] With reference to the second ground, the caption (after the style of the case) of the statement is as follows: "The following facts were proven in the trial thereof, to wit:" Then follows a narrative statement of what purports to be evidence or some of the evidence introduced. The statement is signed by the attorneys for both parties, and approved as "true and correct" by the special judge. The stenographers' act, above referred to, in section 4 thereof provides: "It

shall be the duty of the official shorthand reporter to attend all sessions of the court and to take full shorthand notes of all the oral testimony offered in every case and to furnish to any person a transcript in question and answer form of all such evidence or other proceedings." Section 6 provides: "The statement of facts in duplicate shall consist of the evidence adduced upon the trial, both oral and by deposition" and not a part of the evidence. Chief Justice Willie, in Barnhart v. Clark, 59 Tex. 553, in considering a statement with a caption, in almost the same words as the one under consideration, used this language: "It lacks many of the essentials of a statement of facts for this court. It does not show, by express statement or necessary implication, that it contains all of the facts proved upon the trial. The facts following the caption may have been proved, and yet a great many others, which were proved, omitted from the statement. It is different from a recital that the paper contains the facts or all the facts proven on the trial." To the same effect are the following cases: Sloan v. Schumpert, 81 S. W. 1005; Thomas v. Galveston Dry Goods Co., 119 S. W. 715; Houston Oil Co. v. Myers, 150 S. W. 762; Bray v. Bank, 145 S. W. 290. In our opinion, the objections urged to the statement of facts are well taken, and the statement will not be considered.

[3] It is further insisted by appellant that, because the statement of facts was not filed within 30 days after the adjournment of the court, and without any proper order of extension, we should not consider it. This objection is answered by the last sentence of section 7 of the stenographers' act, above referred to, which provides that, if the statement of facts is filed in the trial court before the time for filing the transcript in the appellate court, it shall be considered as having been filed within time allowed by law for filing the same. Appellee further objects to the consideration of appellant's brief, and moves to strike the same from the files. We think his contention is sound.

[4] Appellant filed no assignments of error in the trial court; and of course we cannot consider the assignments copied in her brief. A., T. & S. F. Ry. Co. v. Reiner, 21 S. W. 1013; Smith v. Smith, 107 S. W. 888; rule 23 (142 S. W. xii); Rev. Stat. 1895, art. 1018.

[5] The statements, if there are any, appear as part of the assignments, and the assignments themselves cannot be considered, as they fail to point out the error committed by the trial court.

We have reviewed the record for the purpose of ascertaining whether or not it contains fundamental error; and, failing to find any, the judgment is affirmed.