## SALLIWAY v. GRAND LODGE, A. O. U. W.
### (SALLIWAY, Intervener).

(Court of Civil Appeals of Texas. San Antonio. Feb. 25, 1914. Rehearing Denied March 18, 1914.)

1. APPEAL AND ERROR (§ 302*) — PRESENTATION BELOW—MOTION FOR NEW TRIAL.

Paragraphs of plaintiff's motion for new trial, assigning error "because on the face of the pleadings and the undisputed testimony plaintiff was entitled to recover," and "in finding that the facts and evidence in the case were not such as to estop the defendant to deny the amount claimed," were too general to support assignments of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

2. APPEAL AND ERROR (§ 759*)—BRIEFS—ASSIGNMENTS OF ERROR.

Courts of Civil Appeals rule 29 (142 S. W. xii) requires appellant to file a brief of the points relied on in accordance with and confined to the specifications of error, which assignment shall be copied in the brief, and each assignment not so copied and accompanied with its appropriate propositions and statements shall be deemed abandoned, and rule 30 (142 S. W. xiii) provides that each point under each assignment shall be stated as a proposition, unless the assignment sufficiently discloses the point, when it shall be sufficient to copy the assignments. Held, that assignments in appellant's brief should be copies of those contained in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

3. APPEAL AND ERROR (§ 301*)—ASSIGNMENTS OF ERROR—MOTION FOR NEW TRIAL.

Courts of Civil Appeals rule 24 (142 S. W. xii) provides that a ground of error not distinctly set forth in the motion for new trial is waived, unless it is so fundamental that the court would act upon it without an assignment of error, and section 25 provides that, to be a distinct specification of error, an assignment of error must refer to that part of the motion for a new trial in which the error is complained of. Held, that the purpose of the rules was to confine appellant in the Court of Civil Appeals to such grounds of error as were brought to the trial court's attention in the motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

4. APPEAL AND ERROR (§ 301*)—PRESENTATION BELOW—MOTION FOR NEW TRIAL.

Acts 33d Leg. c. 136, amended Rev. St. 1911, art. 1612, so as to require appellant to file assignments of error specifying the grounds on which he relies, provided that, where a motion for new trial is filed, the assignments therein shall constitute the assignments of error, and that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the court's attention to the error complained of. Held, that the statute

required all errors to be called to the trial court's attention in the motion for new trial in order to be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

Appeal from District Court, Bexar County; R. H. Ward, Judge.

Action by Earl Journeay Salliway against the Grand Lodge, A. O. U. W., in which Ella B. Salliway intervened. From a judgment for defendant, plaintiff appeals. Affirmed.

Mangum & Townsend and W. S. Anthony, all of San Antonio, for appellant. J. E. Yantis, of Waco, for appellee.

MOURSUND, J. Appellant, Earl Journeay Salliway, sued appellee to recover the amount of $2,000, alleged to be due him upon a benefit certificate issued by appellee to H. B. Salliway. Ella B. Salliway filed a petition of intervention claiming the $2,000. In view of the disposition necessarily made of this appeal, it will be unnecessary to state the issues made by the pleadings. The trial before the court resulted in a judgment that plaintiff and intervener take nothing. Plaintiff filed a motion for new trial, which was overruled, and the appeal was taken by him.

Appellant presents six assignments of error. The first, second, and sixth, refer to and are based upon paragraph 5 of the motion for new trial, while the third, fourth, and fifth refer to and are based upon paragraph 6 of said motion. Said paragraphs read as follows:

"(5). Because, on the face of the pleadings and the undisputed testimony, the plaintiff was entitled to recover, and should have had judgment for amount sued for.

"(6) Because the court erred in finding that the facts and evidence in the case were not such as to estop the defendant to deny the amount claimed under his policy of insurance."

[1] These paragraphs of the motion for new trial are too general to support assignments of error based thereon. Connor v. Saunders, 9 Tex. Civ. App. 56, 27 S. W. 1140; Jenkins v. American Co. (Sup.) 2 S. W. 726; Musick v. O'Brien, 102 S. W. 458; Texas Land & Irrigation Co. v. Sanders, 113 S. W. 558; Railway v. Miller, 124 S. W. 109; Railway v. McVey, 81 S. W. 991. The case was appealed upon the motion for new trial; no formal assignments of error being filed. Such motion having been filed after the act of the Thirty-Third Legislature (Acts 33d Leg. c. 136), amending article 1612, became effective, the appeal could be prosecuted upon the assignments contained in such motion. But paragraphs 5 and 6, if used as assignments of error, are too general to be considered; it being undertaken thereby to raise issues of fact. See authorities above cited. Nor are such paragraphs copied into the brief. The

assignments contained in the brief are entirely different from said paragraphs of the motion for new trial. Each challenges the correctness of the judgment of the court upon the facts, giving reasons why the judgment is claimed to have been rendered contrary to the evidence.

[2] Assignments in the brief, which are not copies of those contained in the record, have often been condemned by our courts. Rules 29 and 30 for Courts of Civil Appeals (142 S. W. xii, xiii); Tabb v. Smart (Sup.) 12 S. W. 977; Horseman v. Coleman County, 57 S. W. 304; Tucker Produce Co. v. Stringer, 146 S. W. 1002; Bray v. Bank, 145 S. W. 290; Mt. Franklin Lime Co. v. May, 150 S. W. 756; Biggs v. Lee, 147 S. W. 709; Dignowity v. Sullivan, 49 Tex. Civ. App. 582, 109 S. W. 428.

[3] The amendments to rules 24 and 25, made by the Supreme Court, effective January 1, 1912 (142 S. W. xii), were for the purpose of confining the appellant in the Court of Civil Appeals to the submission of only such grounds of error as were brought to the attention of the trial court in the motion for new trial. See Railway v. Pemberton (Sup.) 161 S. W. 2. When the Thirty-Third Legislature amended article 1612, it gave its approval to the views of the Supreme Court by making the motion for new trial the assignment of errors when a motion is filed, but permitted the repetition of such assignments by filing formal assignments of error. A requirement made by the Supreme Court, not approved by the Legislature, was the one requiring the assignment to refer to the paragraph of the motion for new trial in which the error was called to the attention of the trial court. Conn. v. Rosamond, 161 S. W. 73; Childress v. Robinson, 161 S. W. 78.

[4] While the said amended article 1612 indicates a legislative intent to require a more liberal construction of assignments than had been indulged prior to its amendment, yet it shows plainly an intent to require all errors to be called to the attention of the trial court in the motion for new trial. The paragraphs of the motion for new trial upon which the assignments in this case are attempted to be based do not indicate to the court wherein his ruling conflicts with the evidence, and the matters so fully set out in the assignments in the brief were not called to the attention of the trial court in the motion for new trial. This court held in the case of City of San Antonio v. Bodeman, 163 S. W. 1043, not yet officially reported, that where a motion for new trial was filed, and afterwards formal assignments of error, an assignment embraced therein, to the effect that the judgment was unsupported by evidence in a particular not pointed out in the motion for new trial, could not be considered. We conclude that, in justice to appellee, the objections urged by it, to the consideration of the assignments of error contained in the brief, must be sus-

tained. We therefore decline to consider the assignments of error, and, as we find no fundamental error in the record, it becomes our duty to affirm the case.

Judgment affirmed.