CANODE v. SEWELL et al.    (No. 684.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1914.)

APPEAL AND ERROR (§ 561*) — RECORD — "STATEMENT OF FACTS INDEPENDENT OF THE TRANSCRIPT OF THE NOTES OF THE REPORTER"—PREPARATION.

Under Acts 32d Leg. c. 119, § 5 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1924), providing that on appeal the official shorthand reporter shall transcribe the testimony in the form of questions and answers and file it with the clerk of the court in duplicate, the original copy to be paid for by the party ordering it, section 6 (article 2070), providing that upon the filing of such transcript the appellant shall prepare a statement of facts in duplicate, but that the official reporter upon request shall prepare, from the transcript filed as provided in section 5, a statement of facts in narrative form in duplicate, and section 13 (article 2072), providing that nothing therein shall prevent the parties from preparing statements of facts independent of the transcript of the notes of the official reporter, where appellant, without ordering any transcript of the testimony in the form of questions and answers, and without any such transcript having been prepared or filed, procured the official reporter to prepare a narrative form of statement of facts, which was agreed to by the parties and approved by the trial judge, and which was presumably prepared from the notes taken at the trial, and not from any transcript thereof, the reporter did not act officially in preparing such transcript, but unofficially as the agent of appellant, and the statement constituted a "statement of facts independent of the transcript of the notes of the reporter," as permitted by section 13.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2494; Dec. Dig. § 561.*]

Appeal from District Court, Potter County; Jas. N. Browning, Judge.

Action between H. P. Canode and Mrs. Carrie Sewell and others. From the judgment, Canode appeals. On motion to strike out statement of facts. Motion overruled.

Capps, Cantey, Hanger & Short and David B. Trammell, all of Ft. Worth, Cooper & Merrill, of Houston, and Lumpkin & Harrington, of Amarillo, for appellant. Jones & Miller and L. C. Barrett, all of Amarillo, and J. L. Penry, of Dallas, for appellees.

HENDRICKS, J. In this cause the appellant, through one of its attorneys, requested the official stenographer to prepare a narrative form of a statement of facts, for the purpose of appeal. The appellant did not order from the official shorthand re-

porter a transcript of the testimony in the form of questions and answers, as contemplated by section 5 of the Act of 1911, and such transcript was neither prepared nor filed. The narrative form of the statement of facts was agreed to by the parties litigant and approved by the trial judge and ordered filed as a part of the record of the cause. A duplicate copy of the statement of facts is on file in the office of the clerk of the court in which the case was tried, as shown by the certificate of said clerk. Appropriate to the discussion of the question involved, we quote the following portions of the statute referable to proceedings for the purpose of appeal:

"In case an appeal is perfected from the judgment rendered in any case, the official shorthand reporter shall transcribe the testimony * * * in the form of questions and answers, certifying that such transcript is true and correct, and shall file the same in the office of the clerk of the court within such reasonable time as may be fixed by written order of the court. Said transcript shall be made in duplicate, * * * the original copy * * * to be paid for by the party ordering the same on delivery, and the amount so paid shall be taxed as costs." Section 5, Act 1911; Gen. Laws, p. 265.

"Upon the filing in the office of the clerk of the court by the official shorthand reporter of his transcript as provided in section 5 of this act, the party appealing shall prepare or cause to be prepared from the transcript * * * a statement of facts, in duplicate. * * * stated in succinct manner and without unnecessary repetition. * * * It shall not be necessary to copy said statement of facts in the transcript * * * on appeal, but the same shall, when agreed to by the parties and approved by the judge, * * * be filed in duplicate with the clerk of the court, and the original thereof shall be sent up as a part of the record in the cause on appeal: Provided, however, that the official shorthand reporter shall, when requested by the party appealing, prepare from the transcript filed by the official shorthand reporter, as provided in section 5 of this act, a statement of facts in narrative form, in duplicate, and deliver the same to the party appealing, for which said statement of facts he shall be paid by the party appealing the sum of fifteen cents per folio of one hundred words for the original copy. * * * *" Section 6, Act 1911; Gen. Laws, p. 265.

Section 13 of the act of 1911 (Gen. Laws, p. 268) ·repeals all previous acts in conflict with the existing statutes, with the following recitation:

"Provided, however, that nothing in this act shall be so construed as to prevent parties from preparing statements of facts on appeal independent of the transcript of the notes of the official shorthand reporter."

An analysis of these sections, it will be seen, prescribes three methods for the preparation of a statement of facts on appeal:

First. When the transcript of the stenographer's notes is ordered from the official shorthand reporter by the unsuccessful litigant, such litigant may prepare, or cause to be prepared, a statement of facts in duplicate for the purpose of appeal. In that event, the litigant, or any other person authorized by him, could prepare the statement from the transcript filed by the official stenographer.

Second. When the transcript of the stenographer's notes has been ordered by the unsuccessful litigant from the official shorthand reporter and filed, the latter shall, "when requested by the party appealing, prepare from the transcript a statement in narrative form in duplicate," for which the reporter "shall be paid by the party appealing the sum of fifteen cents per folio of one hundred words."

Third. The parties may prepare a "statement of facts on appeal, independent of the transcript of the notes of the official shorthand reporter," which, of course, means that the litigant is not required to order, or to be subjected to the expense of, the transcript of the notes, but may from memory, or from his own notes, or in any other manner, without the official transcript of the notes, prepare the statement of facts for appeal.

Articles 1923 and 1926, Vernon's Sayles' Texas Civil Statutes 1914, pp. 1254–1256, requires the stenographer to make certain transcriptions of the testimony; but, germane to the immediate subject under discussion, it is clear that the official stenographer may only be required "officially" to perform two things: First, prepare a transcript of his notes and file the same when ordered by the party appealing; second, when requested by the party appealing, he shall prepare from the transcript, which has been ordered filed, a narrative form of the statement, in the event the litigant does not desire to prepare his own statement, and for which the official shorthand reporter may charge 15 cents per folio of 100 words.

As stated in the instant case, the transcript of the notes was not ordered by the appellant, and hence none was prepared and filed by the official reporter. The official reporter did not prepare the statement of facts from any transcript of the notes, but merely wrote a narrative form of the statement of facts, we presume, of course, from his notes taken by him at the trial, which statement was agreed to by the parties and approved by the trial judge. This act of the stenographer was not his act as an official shorthand reporter, any more than the act of any other person who had the ability to read the original notes and prepare the statement. The statute does require him to make a narrative form of the statement from a transcript of his notes when ordered by the party appealing, but does not prescribe he shall prepare a narrative form of a statement of facts from his notes taken at the trial. The stenographer was acting unofficially as the agent of the party appealing, and when the statement was agreed to and approved by the judge it constituted, in this record, a "statement of facts on appeal independent of the transcript of the notes of the official shorthand reporter," permitted to litigants by section 13 of the act of 1911 (Gen. Laws, p. 268).

In considering the case of Witherspoon v. Crawford, 153 S. W. 633, the question involved as one of the grounds for suppressing the statement of facts was, "because the statement of facts was not made up in duplicate, and no copy of the same was left on the file in the district court of Briscoe county"; but the court preferred to "not rest the disposition of the motion to strike out the statement of facts upon this ground"—suppressing the statement upon the other ground, that the same did not purport to be a statement of all the facts adduced in the cause, with ample authority sustaining the same. The matter of a failure to file a transcript of the stenographer's notes was not involved in the record, and, the real question not being the same in that cause as the direct question under consideration here, we are not prepared to overrule that part of the opinion suppressing the statement of facts on account of the failure to file the duplicate. This court is unanimous in limiting the scope of that case to the ground that the statement of facts did not purport to be a statement of all the facts, and prefers to leave the other question, suggested in the opinion, an open one.

The motion to strike out the statement of facts is in all things overruled.