HERMANN et al. v. BAILEY et al.
(No. 6768.)

(Court of Civil Appeals of Texas. Galveston. March 9, 1915.)

1. APPEAL AND ERROR ☞564—STATEMENT OF FACTS—PRESENTATION FOR SETTLEMENT.

Where a statement of facts containing 305 pages was presented to counsel for a party on a date which allowed for only two working days in which to examine same, it could not be considered by the reviewing court in so far as it related to such party, though it was approved by the trial judge, after such counsel refused to agree to it for want of sufficient time for examination.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. ☞564.]

2. APPEAL AND ERROR ☞882—INVITED ERROR—INSTRUCTIONS.

In a boundary suit, error could not be predicated on the giving of an instruction assuming that the north line of one survey and the south line of another were the same line, where this assumption was supported by the pleadings of the complaining parties, by an agreement of all parties, and by the evidence, and conformed to a special requested charge of the complaining parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ☞882.]

**3. TRIAL ⟨⟩⟶295—INSTRUCTIONS.**

Assignments of error complaining of isolated paragraphs of the charge will be overruled where such paragraphs, when read with other paragraphs, or with the charge as a whole, are not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. ⟨⟩⟶295.]

**4. TRIAL ⟨⟩⟶194—INSTRUCTIONS—WEIGHT OF EVIDENCE.**

In a boundary suit, a requested instruction that special locative calls are of higher dignity than mere directory calls in the field notes, that it is only when calls for natural objects are locative calls that they are of a higher dignity than calls for artificial objects or course or distance, and that distances called for between corners to creeks or roads, unless specially designated in such manner as to make them locative calls, are not such and will not ordinarily have precedence over calls for course and distance, was properly refused as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. ⟨⟩⟶194.]

**5. BOUNDARIES ⟨⟩⟶41—BOUNDARY SUIT—VERDICT—CERTAINTY.**

Where in a boundary suit it was agreed by all parties that, if the lands in controversy were south and west of certain lines, they were owned by plaintiffs, and if they were north and east they were owned by defendants, a verdict specifically locating such lines in their relation to the lands was not void for uncertainty.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 205–207; Dec. Dig. ⟨⟩⟶41.]

**6. TRIAL ⟨⟩⟶260—REFUSAL OF INSTRUCTIONS COVERED.**

Requested instructions fully covered by the main charge were properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ⟨⟩⟶260.]

**7. TRIAL ⟨⟩⟶261 — INSTRUCTIONS—REQUEST—SUFFICIENCY.**

Where a requested omnibus special charge contains several paragraphs, part of which it would be proper to submit, and part not proper, the court need not select those paragraphs which it would be proper to submit.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 484, 660, 671, 673, 675; Dec. Dig. ⟨⟩⟶ 261.]

Error from District Court, Harris County; Norman G. Kittrell, Judge.

Actions by L. H. Bailey and Fredrick Stucy against G. H. Hermann and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

R. L. Whitehead, Fisher, Campbell & Amerman, and J. W. Lockett, all of Houston, for plaintiffs in error. Lane, Wolters & Storey, of Houston, for defendant in error L. H. Bailey. Ross & Wood, of Houston, for defendant in error Fredrick Stucy.

LANE, J. Defendants in error, L. H. Bailey and Fredrick Stucy, each brought suit in the district court of Harris county against George H. Hermann and James McNee for separate tracts of land, both alleged to be part of the James Hamilton survey No. 34. By agreement of all parties the two causes were consolidated and tried as one suit, as the issues in both cases were the same. While the two original suits were brought in the form of trespass to try title to the lands involved in the suit, the only matter at issue was as to where Surveyor H. Trott, who originally surveyed and located both the James Hamilton and P. W. Rose surveys, located so much of the north line of the Hamilton and the south line of the Rose, and so much of the east line of the Hamilton and the west line of the Rose, as divides the two surveys, said lines being coincident or common lines of said two surveys, and therefore said suit is strictly a boundary suit. This, we think, was clearly agreed to by all parties to the suit. It is also agreed by all parties that, if the lands in dispute are parts of the Rose survey, the defendants in error have no title to the same, and that, if the same are parts of the Hamilton survey, the plaintiffs in error have no title thereto.

Plaintiff in error G. H. Hermann in his answer alleged that "the north line of the said Hamilton survey is the same as the south line of the Rose league."

Defendant in error Stucy made H. W. Peters, Lee Peters, Albert Peters, and Ernest Peters parties defendant by his amended petition, alleging therein that said last-named parties were claiming some kind of interest in the land sued for by him. H. W., Lee, Albert, and Ernest Peters by proper plea made Virginia Hooper and husband, Harvey W. Hooper, Regina Shepherd, Allen S. Shepherd, and Blount Shepherd parties to the suit.

As before stated, all parties conceded during the trial of the cause that the suit was a suit to establish the common or coincident division lines between the said Hamilton survey No. 34 and the P. W. Rose survey. There is no other issue by any of the parties to the suit presented to this court by this appeal, and therefore we shall confine this opinion to that issue alone. The case was tried before a jury, and the question at issue as herein indicated was submitted by the court on special issues as follows:

"Where do you find from the evidence before you that the surveyor who made the original location of the P. W. Rose survey and the Hamilton survey No. 34 located the boundary line between said surveys upon the ground?"

The answers of the jury to said question were as follows:

"We, the jury, find that the surveyor who made the original location of the Hamilton survey No. 34 and the P. W. Rose survey located the boundary line between said surveys on the ground as follows, viz.: We locate the southwest corner of the Rose survey and the northwest corner of Hamilton survey 27 at an iron stake in fence corner in the Owens east boundary line at a point due south 500 varas from the Gillespie stake set for the northeast corner of the Owens survey and at a point 380 varas south of Brays Bayou. From this beginning corner we locate the northeast corner of Hamilton survey No. 34 at a point 3,800 varas due east, and from this northeast corner of Hamilton survey No. 34 so located we locate the east line Hamilton survey No. 34 by

extending a line due south from said last-mentioned corner, locating the most southern southwest corner of Rose survey at a point on this line 865 varas south of the northeast corner of the Hamilton survey as located above, and we locate the northwest corner of Hamilton No. 34 at a point 1,900 varas west of the northeast corner of the Hamilton survey No. 34 as above located."

Whereupon the court rendered judgment in conformity to said verdict, fixing the said boundary lines as contended for by defendants in error, L. H. Bailey and Fredrick Stucy, and adjudging to them the title to the respective tracts of land sued for by them.

[1] Defendant in error L. H. Bailey has filed his motion in this court asking that, in so far as the statement of facts filed in this court in this cause relates to the issue between him and plaintiffs in error, it be stricken out, and not considered by this court, because the same was not agreed to by counsel for said Bailey. It appears from said statement of facts that the same was not made up, prepared, and ordered filed by the trial court as required by law, in the event of the failure of the parties to agree upon the statement of facts. It is made to appear to this court that the statement of facts, which consist of 305 pages foolscap typewritten matter, was presented to counsel for Bailey at such late date as to allow them only two working days in which to examine the same; that said counsel for Bailey insist that, as they did not have sufficient time at their disposal to examine so large a statement of facts with that care which they should have exercised in duty to their client, for that reason they refused to agree to same, and returned the same to counsel for plaintiffs in error, who presented the same to the trial judge on the last day on which said statement of facts could be approved and filed by the court. Whereupon the trial judge made the following notation thereon: "Examined, approved, and ordered filed, this 12th day of May, 1913."

It should have been apparent to counsel for plaintiffs in error that to make a careful examination of so large a statement of facts as the one in question would have required more time than was given to counsel for Mr. Bailey in this instance, and we think that counsel for plaintiffs in error have not exercised the degree of diligence which they should have exercised in presenting said statement of facts to opposing counsel that they might have time to examine the same before the expiration of the time allowed by law for filing same. We therefore sustain the motion of defendant in error Bailey, and refuse to consider said statement of facts in so far as it relates to him in this case. See M., K. & T. Ry. Co. v. Whitfield, 123 S. W. 710.

[2] By assignments of error Nos. 1, 2, and 3 plaintiffs in error insist: First, that the court erred in charging the jury that the north line of the Hamilton survey No. 34 and the south line of the P. W. Rose survey is a coincident line, and is the same line, and that it was the duty of the jury to determine from the evidence where Trott, the original surveyor, located that line; second, that the court erred in not submitting to the jury for its determination the question of fact as to whether or not there was a conflict between the Hamilton survey No. 34 and the P. W. Rose survey; third, that the court erred in charging the jury that the only question in the case is as to where the original surveyor originally located the line which is the north line of the Hamilton survey and the south line of the Rose survey, because there was a question of fact as to whether there was a conflict between the surveys and whether they overlapped each other, and as to which is the senior survey. As these assignments practically present but one question—that is, as to whether the court was warranted from the pleadings and agreements of the parties, and from the evidence, in charging the jury that the suit was one to establish the boundary line between the Hamilton and Rose surveys, and that the line between the two was coincident and the same line—we shall consider them together as one assignment.

The original field notes made by Trott, who located both of said surveys, which were introduced in evidence, shows that the work of surveying the Rose was begun in May, 1838, and completed in April, 1839, about one year after the work was begun, and that the work of surveying the Hamilton was completed in November, 1838. The original field notes made by Trott for the Rose survey calls for the north line of the Hamilton as a part of its south line, and the original field notes for the Hamilton calls for the south line of the Rose for its north line. From the foregoing we think the surveyor who located the two surveys in question intended to, and did, make the north line of the Hamilton and the south line of the Rose, where the Rose joins the Hamilton on the north, a common or coincident line.

In their answer plaintiffs in error pleaded that:

"The north line of the Hamilton survey is the same as the south line of the Rose league."

It was also agreed by all parties to the suit, as shown by the statement of facts, that the only question involved in this suit is a matter of boundary, that is, as to the location of the north and the east lines of the Hamilton survey No. 34; that said lines are one the south line and the other the west line of the Rose survey.

In the second paragraph of plaintiffs' requested charge No. 4 we find the following:

"The north line of Hamilton survey No. 34 is the same line as a part of the south line of the P. W. Rose survey, and a part of the east line of Hamilton survey No. 34 is the same line as one of the west lines of the P. W. Rose survey, and it will be your duty, guided by the instructions given to you, to ascertain

where the original surveyor run these dividing lines when the lands were originally located and surveyed."

We therefore conclude that the complaints made by assignments 1, 2, and 3 are untenable and without merit. The action of the court complained of is supported by the pleading of the parties complaining, by the agreement of all parties to the suit, and by the evidence, and was in conformity to the special requested charge of the complaining parties, and therefore they cannot be heard to complain of any act of the court invited by them. It has uniformly been held that a party cannot on appeal call in question the accuracy of a charge given by the judge when it embraces the same instruction contained in a charge requested by the party complaining, whether the requested charge be given or refused, unless it appear affirmatively from the record that the judge was not misled in the matter by the requested instruction. Nagle v. Simank, 54 Tex. Civ. App. 432, 116 S. W. 862; Railway Co. v. Sein, 89 Tex. 67, 33 S. W. 215, 558.

[3] The fourth and fifth assignments of error complain of isolated paragraphs of the court's charge, which, when read with other paragraphs of the charge, or with the charge as a whole, are not subject to just criticism, and therefore such assignments are overruled.

[4] The sixth assignment of error insists that the court erred in refusing to give plaintiffs in error's special charge No. 1, as follows:

"You are further instructed that special locative calls are of higher dignity or grade and ordinarily entitled to more weight than mere directory or incidental passing calls contained in the field notes. It is only when calls for natural objects are locative calls that they are of higher grade or greater dignity than calls for artificial objects or course or distance. If calls for natural objects are not called for as fixing the corner or boundary of the land being described, but merely noted in the field notes as incidental calls in passing, they are only directory or passing calls, and in such instances will not ordinarily control calls for course and distance. Distances called for between corners to creeks or roads, unless specially designated in such manner as to make them locative calls, are not such, and will not ordinarily have precedence over calls for course and distance."

In view of the peculiar state of facts in this case, we think the requested charge was upon the weight of the evidence, and that the court properly refused the same.

[5] We think the seventh, eighth, and ninth assignments of error set out in the brief of plaintiffs in error, which insist that the verdict of the jury is void for uncertainty, are hypercritical and without merit. The verdict of the jury locates and fixes the dividing boundary lines of the Hamilton and Rose surveys under proper charges of the court, and it was agreed by all parties to the suit that, if the lands sued for were to the south and west of said lines, they were owned by defendants in error, and, if they were north and east of said lines, they were owned by plaintiffs in error.

[6, 7] Assignments 10, 11, and 12 in the brief of plaintiffs in error complain of the refusal of the court to give certain of their special charges. The court's main charge sufficiently, substantially, and correctly covered the matters embraced in such special requested charges, and, besides, two of these requested charges are paragraphs Nos. 6 and 8 of special charge No. 4, asked by plaintiffs in error, which contains 11 separate paragraphs, many of which were fully covered by the court's main charge, and which should not have been repeated in special charges. The court is not required to select from such omnibus special charge as that requested by plaintiffs in error certain paragraphs which might have been properly submitted to the jury, if submitted in separate special charge.

We think the evidence amply supports the verdict of the jury and the judgment of the trial court.

There appearing no reversible error from the record in this case, the judgment of the court below is in all things affirmed.

Affirmed.