SEWELL et al. v. LAKE CHARLES PLANING MILL CO., Limited.   (No. 7706.)

(Court of Civil Appeals of Texas. San Antonio.   Feb. 9, 1927.   Rehearing Denied. March 9, 1927.)

1. Appeal and error ⚫⇒565—Statement of facts, not signed or approved by successful party below, may not be considered (Rev. St. 1925, arts. 2238–2240, 2242, 2243).

Statement of facts on writ of error to which defendant in error never consented may not be considered, in view of Rev. St. 1925, arts. 2238–2240, 2242, 2243, requiring submission of statement to opposite party and signing thereof before submission to judge and filing with clerk.

2. Appeal and error ⚫⇒655(3)—Statement of facts, containing certificate of court entered subject to statement's approval by prevailing party, should be stricken, where condition was not carried out.

Statement of facts, containing certificate of judge attached thereto approving it on condition of presentation and approval by attorney for prevailing party, held insufficient to make statement record, where statement was never approved in accordance with condition.

Error from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by Mrs. C. H. Sewell and husband against the Lake Charles Planing Mill Company, Limited. Judgment for defendant, and plaintiffs bring error. Affirmed.

Cameron & Epperson, of Edinburg, for plaintiffs in error.

Graham & Graham, of Brownsville, for defendant in error.

COBBS, J.  Plaintiff in error, joined by her husband, instituted this suit for injunction against defendant in error to prevent

the sale, under execution, of certain lots, the separate estate and homestead of plaintiffs in error.

Defendant in error filed a sworn motion to strike from the record the statement of facts in this case, on the ground that the statement of facts was not signed by the respective attorneys, and to affirm the judgment of the trial court.

The statement, or rather the court's certificate thereto, is as follows:

"The State of Texas, County of Hidalgo.

"The above and foregoing having been agreed to by the parties to the above entitled and numbered cause, represented by their attorneys, as hereinabove shown, on the trial thereof, as a true statement of the facts adduced therein, and having been examined by me, and found to be correct, is by me approved and signed as a true and correct statement of the facts adduced on the trial of said cause.

"Done this 14th day of August, A. D. 1926. [Signed] J. E. Leslie, Judge Presiding Seventy-Ninth Judicial District of Texas."

It is alleged in the sworn motion:

"That at the time said trial judge signed the foregoing certificate, it was stated to him by counsel for the plaintiffs in error that said statement of facts would be presented to counsel for defendants in error, to be approved by them before same was filed, said statement of facts not having been orally or otherwise approved by counsel for defendant in error, and that the said trial judge signed said certificate with the understanding and under condition that said statement of facts would be presented to and approved by said counsel for defendant in error before said statement of facts was filed."

The certificate of the judge, which is a part of the motion, reads as follows:

"I, J. E. Leslie, judge of the Ninety-Third judicial district court in and for Hidalgo county, Tex., do hereby certify that I sat as trial judge by agreement of parties and tried the above-styled cause in the Seventy-Ninth district court of Hidalgo county, Tex., said cause having been transferred to the Seventy-Ninth district court by agreement of parties.

"I further certify that the statement of facts which is on file in the Court of Civil Appeals in this cause, and which shows to have been filed in said court on September 16, 1926, was presented to me by appellant's counsel for approval, with the statement on the part of appellant's counsel that said statement of facts would be presented to appellee's counsel for approval before being filed, said statement of facts not having been approved orally or otherwise by appellee's counsel; and, on the strength of said statement that said statement of facts would be presented to appellee's counsel for approval, and on condition that it be so presented and approved, I approved said statement of facts as of date August 14, 1926.

"This statement of facts has just been shown me, and I see therefrom that it does not bear the approval or signature of approval of attorneys for either appellants or appellee, and I make this statement, under my official signature, to the end that the rights of parties may be controlled accordingly as to said statement of facts.

"Given at Edinburg, Hidalgo county, Tex., this 13th day of December, A. D. 1926. [Signed] J. E. Leslie, Judge Ninety-Third Judicial District of Texas, Acting as Judge Seventy-Ninth Judicial District in This Matter."

There is also attached to the motion the sworn affidavit of counsel, as follows:

"The State of Texas, County of Cameron.

"Before me, a notary public in and for the county of Cameron and state of Texas, personally appeared on this the 16th day of December, A. D. 1926, Jas. A. Graham, and Jas. S. Graham, members of the law firm of Graham & Graham, of Brownsville, Tex., and each, being first duly sworn, did depose and say:

"That the law firm of Graham & Graham is composed of two members only, who are Jas. A. Graham and Jas. S. Graham; that said firm of Graham & Graham are the attorneys for the Lake Charles Planing Mill Company, Limited, the defendant in error in cause No. 7706, in the Court of Civil Appeals for the Fourth Supreme judicial district of Texas, now pending in said court on writ of error from the judgment of the court rendered in cause No. 5569 on the docket of the Seventy-Ninth judicial district court of Hidalgo county, Tex.; that the statement of facts now on file in the said Court of Civil Appeals in said cause No. 7706 on the docket of said Court of Civil Appeals, and which was filed in said court on September 16, 1926, was never approved or agreed to by this affiant before said statement of facts was filed in the trial court or in the said Court of Civil Appeals, and has not been agreed to or approved by him at any time since same was filed; that said statement of facts was never submitted to the affiant for his approval either before or after same was filed in either of said courts, and in truth this affiant did not know a statement of facts had been prepared in said cause until on December 6, 1926, at which time a copy of the brief for plaintiffs in error was delivered to the offices of said Graham & Graham; that after said brief for plaintiffs in error was so delivered on December 6, 1926, said firm of Graham & Graham, on December 7, 1926, wrote a letter to the clerk of said Court of Civil Appeals requesting that the record in said cause No. 7706, be sent to them, and when said record, including said statement of facts, was a few days later received by said Graham & Graham from said clerk, this was the first time this affiant ever saw said statement of facts; that, as aforesaid, this affiant has at no time agreed to or approved said statement of facts, and has at no time agreed that same might be filed without his agreement and approval thereof.

"[Signed] Jas. A. Graham.
"Jas. S. Graham.

"Sworn to and subscribed before me, under my official hand and seal, this the 16th day of December, A. D. 1926, at Brownsville, Cameron county, Tex. [Signed] Gertrude C. Jones, Notary Public in and for Cameron county, Tex."

The court filed separate findings of facts and conclusions of law that support the judgment.

[1] The plaintiff in error filed no answer or reply to the motion, and we will hold that the facts stated in the motion are sufficient. The articles (Rev. St. 1925) controlling the preparation and filing of the statement of facts are as follows:

"Article 2238 (1924–2079) Transcript of Evidence; article 2239 (2070) Statement in Duplicate; article 2240 (2069) (1380) (1378) When the Parties Disagree; article 2242 (2072) Independent Statement; article 2243 (2068) (1379) Substance and Approval."

[2] The certificate of the court is not sufficient to make the paper a record as the statement of facts and cannot be considered for any purpose, so the motion is granted and the statement of facts is ordered stricken from the record. M. K. & T. Ry. Co. of Texas v. Whitfield (Tex. Civ. App.) 123 S. W. 710; Bray v. First Nat. Bank of Wellington (Tex. Civ. App.) 145 S. W. 290; Hermann et al. v. Bailey et al. (Tex. Civ. App.) 174 S. W. 865; G., C. & S. F. Ry. Co. v Prazak (Tex. Civ. App.) 170 S. W. 859.

There is no fundamental error apparent on the face of the record, and, for the further reason that the findings of facts support the judgment of the court, the judgment is affirmed.